## AFFIDAVIT IN SUPPORT OF AN
## APPLICATION FOR A CRIMINAL COMPLAINT

I, Mariano Garay-Ortiz, being first duly sworn, do here by depose and state that:

### INTRODUCTION AND AGENT BACKGROUND

1. I am a United States Customs and Border Protection Enforcement Officer with the Department of Homeland Security, assigned to investigate Immigration Law violations and Criminal Laws of the United States at the Luis Muñoz Marín International Airport, Carolina, Puerto Rico.

2. I make this affidavit based on my own personal knowledge and on oral and written reports by other federal, state, and/or local law enforcement agents and officers that investigated this matter. This affidavit does not contain all the information derived from this investigation only that which is sufficient to demonstrate probable cause to believe that a crime has been committed.

3. This affidavit is submitted in support of a criminal complaint charging Noemi ESPAILLAT DE JESUS ("ESPAILLAT DE JESUS") with: (1) Re-entry after deportation in violation of 8 U.S.C. § 1326(a)(1) and (2) Stowaways on Vessels or Aircraft in violation of 18 U.S.C. 2199.

### PROBABLE CAUSE

4. On or about August 23, 2025, at the Port of San Juan Pier, San Juan, Puerto Rico, an alien by the name of Noemi ESPAILLAT DE JESUS, a citizen of the Dominican Republic, was found attempting to enter the United States on board the Tug Patriarch / Barge Marty J. as a Stowaway.

5. The Tug Patriarch / Barge Marty J. was coming from the Port of Chester, Pennsylvania, the tug was transiting near the Dominican Republic the subject boarded the tugboat to San Juan, Puerto Rico as a Stowaway.

6. ESPAILLAT DE JESUS was found inside the tugboat with other three individuals.

7. According to the company owning the tugboat, ESPAILLAT DE JESUS did not have authorization to board the Tug Patriarch / Barge Marty J.

8. ESPAILLAT DE JESUS boarded it with the intent of obtaining transportation to the United States, and with like intent remained aboard said vessel after the vessel passed transited near the Dominican Republic.

9. ESPAILLAT DE JESUS was taken to the U.S. Customs and Border Protection facilities to be processed for repatriation to her home country the Dominican Republic.

10. During this process ESPAILLAT DE JESUS fingerprints were submitted to the FBI for examination and comparison, this examination disclosed a match to FBI record #XXXXXX. FBI record revealed the following:

   a. On April 22, 2009, the DEFENDANT was Ordered Excluded / Deported / Removed from the United States to her home country the Dominican Republic by the Immigration Judge.

   b. On May 13, 2009, the DEFENDANT appealed the decision to the Board of Immigration Appeals (BIA).

   c. On May 18, 2010, the BIA Dismissed the appeal.

   d. On June 17, 2010, the DEFENDANT filled a petition for review with the United States Court of Appeals for the First Circuit.

   e. On May 17, 2011, the Court of Appeals dismissed the petition for review.

   f. On May 30, 2025, the DEFENDANT was physically removed from the United States to the Dominican Republic.

11. ESPAILLAT DE JESUS was read her *Miranda* rights, and she waived her rights to an attorney. During her immigration interview, ESPAILLAT DE JESUS stated that her true and correct name is Noemi ESPAILLAT DE JESUS, that she knew that the Tug Patriarch / Barge Marty J. was in transit to Puerto Rico, United States and that she is a national and citizen of the Dominican Republic.

12. As part of his removal procedure ESPAILLAT DE JESUS was advised that after her deportation / removal from the United States, she was required to obtain permission from the Attorney General or his successor under the Department of Homeland Security prior to her re-embarkation at a place outside the United States or her application for admission.

13. I conducted records checks which reveal that no application to request permission on form I-212 had been filed on behalf of "Noemi ESPAILLAT DE JESUS" at the Office of Citizenship and Immigration Services.

14. ESPAILLAT DE JESUS is a citizen and national of the Dominican Republic and is an alien with no authorization or legal status to be present in the United States.

15. Further, ESPAILLAT DE JESUS was ordered deported from the United States and prohibited from re-entering the United States without obtaining consent from the Attorney General or his successor under the Department of Homeland Security prior to his re-embarkation at a place outside the United States or his application for admission.

## CONCLUSION

16. Based upon my training, experience, and my participation in this investigation, I believe that probable cause exists that Noemi ESPAILLAT DE JESUS attempted to enter the United States in violation of 8 U.S.C. § 1326 (a)(1) and boarded the Tug Patriarch / Barge Marty J. without the consent of the owner, charterer, master, or the person in command of the vessel in violation of 18 U.S.C. 2199.

Respectfully submitted,

Mariano Garay-Ortiz
Enforcement Officer
US Customs and Border Protection

Sworn in accordance with the requirement of Fed. R. Crim. P. 4.1. by telephone at 1:51 p.m. on this 25th day of August 2025, in San Juan, Puerto Rico.

Digitally signed by Hon. Giselle López-Soler

HON. Giselle López-Soler
UNITED STATES MAGISTRATE JUDGE
DISTRICT OF PUERTO RICO